917 F.2d 1308
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Ralph Rene WILLIAMS, Defendant-Appellant.
 No. 90-30108.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1990.
Decided Nov. 7, 1990.
 Before WRIGHT, CHOY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ralph Williams appeals his conviction for bank robbery. He argues that the court's denial of his motion to suppress was erroneous because the police officer who arrested him lacked reasonable suspicion to stop him and probable cause to make the arrest. He also challenges the district court's ruling on an evidentiary issue, the denial of his motion to vacate his conviction due to alleged prosecutorial misconduct, and the constitutionality of his sentence. We affirm.
 
 FACTS
 
 3
 On November 14, 1988, a branch of the First Interstate Bank was robbed. A witness saw the robber leave the bank and escape in a getaway car driven by a woman. He described the car and license plate to police. The next day, Officer Charles Ault stopped Williams' car because it matched the description of the getaway vehicle and its occupants issued in a police bulletin. During the investigatory stop, Williams volunteered that he "wasn't involved in any bank robbery." Ault arrested him. He was convicted and sentenced to 220 months in prison under the career offender provisions of the sentencing guidelines.
 
 
 4
 * Williams first contends that Officer Ault did not have reasonable suspicion to stop his car. We review de novo the court's conclusion that reasonable suspicion existed. United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985). Findings of fact are reviewed for clear error. Id.
 
 
 5
 Reasonable suspicion exists when an officer is aware of specific articulable facts that warrant suspicion that the person to be detained may have committed or is about to commit a crime. United States v. Burnette, 698 F.2d 1038, 1047 (9th Cir.1983) (citations omitted). Where a police bulletin is issued on the basis of articulable facts supporting a reasonable suspicion that someone has committed a crime, reliance on that bulletin justifies a stop to check for identification. United States v. Hensley, 469 U.S. 221, 232 (1985).
 
 
 6
 The police bulletin was based on an adequate factual foundation to support a reasonable suspicion that occupants of the car were involved in the robbery. The car's appearance and license plate matched the description in the bulletin. The car was seen less than 24 hours after the robbery and within a mile and a half of the robbery scene. Officer Ault properly relied on the bulletin to stop the car. The court did not err in finding that reasonable suspicion existed.
 
 II
 
 7
 Williams next contends that Officer Ault did not have probable cause to arrest him. We review de novo the court's conclusion that probable cause supported the arrest. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295 (9th Cir.1988).
 
 
 8
 Probable cause to arrest arises when a police officer is aware of facts that warrant a reasonable belief that the suspect has committed or was committing a crime. Fouche, 776 F.2d at 1403. Discovery of additional facts during an investigatory stop may provide a basis for a finding of probable cause. United States v. Greene, 783 F.2d 1364, 1368 (9th Cir.1986).
 
 
 9
 Here, two facts support a finding of probable cause: (1) Ault's observation of the car and its occupants which matched the bulletin description, and (2) Williams' unsolicited statement that he had not been involved in a bank robbery. This statement helped ripen reasonable suspicion into probable cause to arrest. See Greene, 783 F.2d at 1368.
 
 
 10
 Williams focuses on an irrelevant fact when he argues that probable cause did not exist because he was not formally charged with bank robbery when he was brought in for questioning. An arrest occurred when he was taken into police custody. See United States v. Robertson, 833 F.2d 777, 780 (9th Cir.1987). Probable cause existed at the time of arrest.
 
 
 11
 Because the court found correctly that Officer Ault had reasonable suspicion to stop the car and probable cause to make the arrest, it properly denied Williams' suppression motion.
 
 III
 
 12
 Williams argues that the court erred when it excluded the testimony of his private investigator, Richard Cummins. Cummins testified out of the presence of the jury that an exculpatory statement was made to him by James Lowe. According to Cummins, Lowe told him that Steve Anderson had told Lowe that he committed the bank robbery.
 
 
 13
 The court correctly found that the first hearsay statement by Anderson to Lowe might have satisfied the 804(b)(3) hearsay exception for declarations against interest.[1] It excluded the second hearsay statement by Lowe to Cummins because it did not satisfy the 804(b)(3) exception and was multiple hearsay for which no independent exception existed.[2]
 
 
 14
 We review a decision to exclude testimony under Rule 804(b)(3) for abuse of discretion. United States v. Satterfield, 572 F.2d 687, 690 (9th Cir.1978).
 
 
 15
 Williams argues that Lowe's invocation of his Fifth Amendment privilege demonstrates that his statement to Cummins was against his penal interest and admissible under 804(b)(3).[3]
 
 
 16
 In order to satisfy the 804(b)(3) exception, a statement "must, in a real and tangible way, subject [the declarant] to criminal liability." United States v. Hoyos, 573 F.2d 1111, 1115 (9th Cir.1978). The fact that the declarant asserts a Fifth Amendment privilege may lend support to the argument that the statement was against penal interest, United States v. Benveniste, 564 F.2d 335, 341 (9th Cir.1977), but a showing that the statement "solidly inculpates" the declarant is necessary. Hoyos, 573 F.2d at 1115; United States v. Monaco, 735 F.2d 1173, 1176 (9th Cir.1984).
 
 
 17
 Williams has failed to show that Lowe's statement was solidly inculpatory. He relies solely on the fact that Lowe asserted his Fifth Amendment privilege. He has offered no evidence that implicated Lowe personally in the bank robbery or that indicated the statement would have probative value in a prosecution of Lowe. The court properly excluded the statement.[4]
 
 IV
 
 18
 Williams seizes on an apparent misstatement by the prosecutor to argue that the grand jury process was "improperly manipulated." We review de novo a claim of prosecutorial misconduct associated with the grand jury process. United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989).
 
 
 19
 Dismissal of a grand jury indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict. Bank of Nova Scotia v. United States, 487 U.S. 250, 257 (1988).
 
 
 20
 The misstatement in this case is best characterized as an inconsequential slip of the tongue. It was made after the prosecutor had responded correctly to the same question only seconds before. There was no misconduct.
 
 V
 
 21
 Williams claims that his sentence of 220 months violated the Eighth Amendment's prohibition of cruel and unusual punishment. This court reviews de novo the constitutionality of a statute. United States v. Brownlie, No. 89-10492, slip op. at 12329 (9th Cir. Oct. 1, 1990).
 
 
 22
 In Solem v. Helm, the Supreme Court emphasized that legislative determinations relating to the severity of various crimes must be given substantial deference. 463 U.S. 277, 289-90 & n. 16 (1983). The Court also stated that only in "rare cases" would a sentence violate the Eighth Amendment. Id. at 290 n. 17.
 
 
 23
 This is not such a case. Williams' complaint, reduced to its essence, is simply a wish that Congress had established a gentler penalty for felons with prior violent convictions. The sentence, and the career offender provisions of the guidelines, are well within the limits imposed by the Eighth Amendment.
 
 
 24
 Williams also argues that the career offender provisions violate the Eighth Amendment because the district court was unable to weigh the circumstances surrounding his prior convictions. The constitution does not require individualized sentences in non-capital cases. United States v. Belgard, 894 F.2d 1092, 1100 (9th Cir.1990). We reject this argument.[5]
 
 CONCLUSION
 
 25
 The district court correctly denied Williams' motion to suppress evidence. It properly excluded the hearsay testimony of his investigator and properly rejected the motion to vacate his conviction. His constitutional claims relating to sentencing were meritless. We affirm the district court on all issues.
 
 
 26
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 To be admissible under Rule 804(b)(3), a statement (a) must have been made by a declarant unavailable at trial, (b) must have "so far tended to subject [the declarant] to ... criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true," and (c) must have been uttered under "corroborating circumstances" which "clearly indicate [its] trustworthiness." Fed.R.Evid. 804(b)(3)
 
 
 [2]
 The court relied on Rule 805: "Hearsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Fed.R.Evid. 805
 
 
 [3]
 Williams also claims that exclusion of the statement violated due process, citing Chambers v. Mississippi, 410 U.S. 284 (1973). The factors relied upon by the Court in finding a due process violation in Chambers, see id. at 300-01, are not present here. Williams was not denied due process
 
 
 [4]
 Even if we were to find that the statement was against Lowe's penal interest, it would be excluded on the ground that it was not corroborated. See Fed.R.Evid. 804(b)(3), supra n. 1. The record reflects that defendant's attorney admitted that no corroboration exists for the statement. RT 261
 
 
 [5]
 We also reject Williams' equal protection argument, as it borders on the frivolous. He has offered no evidence relating to purposeful discrimination. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987)